Succession of Hardin L. Tilghman—Thomas O. Tilghman, Curator, Appellant.

The provision of art. 2256 that parol evidence shall not be admitted against or beyond the contents of written acts of transfer of immovables, was designed for the protection of contracting parties against each other. It does not apply where a partner claims from his co-partner a sum of money, alleged to have been privately and fraudulently received by him from a purchaser of partnership property as a part of the price, and offers the purchaser as a witness to prove the payment of the money, though not mentioned in the notarial act of sale signed by both partners and the purchaser. The testimony of the purchaser is admissible.

Art. 2622 of the Civil Code, which provides that one against whom a litigious right has been transferred, may release himself by paying to the transferree the real price of the transfer, with interest from its date, relates only to conventional assignments. It does not apply to a transfer resulting from a sheriff's sale under execution, the transferree acquiring all the rights of the owner of the right sold. C. P. 647, 690.

---

APPEAL from the Court of Probates of New Orleans, *Bermudez, J.*

MORPHY, J. This action was instituted to obtain the settlement of a particular partnership, formed in October, 1837, between Wm. Barnes and the deceased, Hardin L. Tilghman, for the purpose of carrying on the business of storage, draying, and cotton-pressing. Barnes claims $3,721 39, as a balance due him by the deceased, for debts of the firm he has paid since its dissolution, and for services he rendered to the partnership in performing duties assigned by the articles of copartnership to Hardin L. Tilghman, but which the deceased always neglected to perform. The answer denies the indebtedness of the estate ; charges Barnes with divers acts of mal-administration and fraud ; and avers that, on the 28th of September, 1838, only five months before the death of Tilghman, a balance sheet was struck of the situation of the partnership, from which it appeared that the firm was indebted to the deceased in the sum of $2,755 38. The curator joins in the prayer for a settlement and liquidation of the partnership, and prays for judgment for such sum as may be found to be due to the estate of the deceased. The books, accounts, and matters in controversy were, by agreement, referred to auditors, whose report showed, in favor of Barnes, a balance of $4,070 30. This report was opposed by the curator on various grounds, and the trial of the oppositions was progressing, when George Kirk intervened, averring that he had become the purchaser, at a judicial sale made by the sheriff of the Commercial Court, of the claim of Barnes, the plaintiff in this suit, and he prayed that such judgment be rendered in his favor as would have been given in favor of Wm. Barnes, whose right, title and interest in the premises were vested in him. To the petition 'of intervention, the curator specially pleaded, that George Kirk, having become the purchaser or transferree of a litigious right belonging to Wm. Barnes, for one hundred and seventy-five dollars, he had a right to tender and did tender to said intervenor the sum he had paid therefor, and he prayed that the suit be dismissed. The curator further averred, among other things, that on or about the month of July, 1839, Wm. Barnes did sell to one Samuel Chase, the un-

expired lease of a cotton press at the corner of Gravier and Carondelet streets, which was the property of the partnership ; that he induced the curator to join in the act of sale, and that although, from that instrument, it appears that nothing was paid by Samuel Chase, said Barnes privately received from him notes to the amount of $2,000 for the transfer or sale of the said unexpired lease, all of which he put in his own pocket, and never accounted for ; &c. After considering the report of the auditors, the oppositions made thereto, and the evidence adduced by the parties, the judge below gave a judgment in favor of George Kirk, the intervenor, for $1,746 87, and the curator appealed.

This case has been submitted without any argument, oral or written. The appellant has not called our attention to any portion of the voluminous record before us, nor has he in any manner pointed out the grounds upon which he complains of the judgment rendered below. So far as our examination of the testimony and documentary evidence adduced has enabled us to understand the accounts and matters in dispute, we cannot say that the judge below has not come to a correct conclusion on the facts of the case ; but we find in the record a bill of exceptions to the opinion of the judge below, excluding the testimony of Samuel Chase, offered to prove that, independent of the consideration expressed in a notarial act of sale of the lease of a cotton press, the joint property of the partnership, the said Samuel Chase had paid to Wm. Barnes the sum of $2,000, as part of the price, or value of said lease. It appears to us that the judge erred. The proof offered did not tend to prove against, or beyond the contents of a written act, within the meaning and spirit of article 2256 of the Civil Code. The rule therein laid down is established for the security and protection of contracting parties, against each other. It could well be invoked by Chase if his vendors were to claim of him, and offered to prove by parol that he agreed to give $2,000, over and above the consideration mentioned in the act of sale. But when, as is alleged in this case, one of two co-proprietors or partners, makes a bargain for the sale of the common property, and receives privately from the purchaser a sum of money which he

JUNE, 1845. 127

Succession of H. L. Tilghman—T. O. Tilghman, Curator, Appellant.

does not mention in the sale, he commits a fraud upon his partner, and, when the latter claims his half of the amount thus received, and offers witnesses to prove the fact, he cannot claim the protection of the above rule. It proceeds upon the ground that both parties to a contract have an opportunity of explaining their agreements in it, and that when this is done, neither will be permitted, by testimony, to add to, or alter the stipulations it contains. When the curator signed the transfer, or sale of the unexpired term of the lease to Samuel Chase, he was unaware that any money had been or was to be received by Barnes, and could not protect himself by any stipulation in the act. As the proof then does not tend to increase or alter the obligations of the purchaser, and is not offered against him, but is intended only to show the receipt of a sum of money by Barnes, one half of which should be accounted for to the estate of his late partner, we think that it ought to have been admitted.

In relation to the plea and tender made by the curator in his answer to George Kirk's petition of intervention, the inferior court correctly held that article 2622 of the Code relates only to conventional assignments, and not to a transfer which results from a sheriff's sale under execution. Art. 647 of the Code of Practice authorizes the seizure of the rights and credits belonging to a debtor; and article 690 declares that the effect of the adjudication is to transfer to the purchaser all the rights and claims which the party in whose hands it was seized might have had to the thing sold. The purchaser, therefore, of the rights of Barnes in the present suit can exercise and enforce them in the same way, and to the same extent, as Barnes himself could. A similar decision was made by this court in *Early* v. *Black*, 12 La. 206.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed, and that this case be remanded for a new trial, with instructions to the judge below to admit the testimony of Samuel Chase, or of any other witness to, prove the receipt by Wm. Barnes of the sum of $2,000, alleged to have been paid to him as part of the consideration for the sale of the un-

expired lease of the partnership; the appellee to pay the costs of this appeal.

*Roselius*, for the petitioner.

*C. M. Jones*, for the appellant.